Stephen M. Doniger (SBN 179314)
stephen@donigerlawfirm.com
Scott A. Burroughs (SBN 235718)
scott@donigerlawfirm.com
Howard S. Han (SBN 243406)
hhan@donigerlawfirm.com
DONIGER / BURROUGHS
603 Rose Avenue
Venice California 90291
Telephone: (310) 590-1820

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT BARROS, an individual,<br><br>Plaintiff,<br><br>v.<br><br>SAN DIEGO GULLS HOCKEY CLUB, LLC, a California Limited Liability Company; and DOES 1 through 10,<br><br>Defendants. | Case No.:<br><br>PLAINTIFF'S COMPLAINT FOR COPYRIGHT INFRINGEMENT<br><br>Jury Trial Demanded |

Robert Barros, by and through his undersigned attorneys, hereby prays to this honorable Court for relief based on the following:

## JURISDICTION AND VENUE

1. This action arises under the Copyright Act of 1976, Title 17 U.S.C., § 101 *et seq*.

2. This Court has federal question jurisdiction under 28 U.S.C. § 1331 and 1338 (a) and (b).

1
COMPLAINT

3. Venue in this judicial district is proper under 28 U.S.C. § 1391(c) and 1400(a) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred.

## PARTIES

4. Plaintiff ROBERT BARROS ("BARROS") is an individual residing in Chula Vista, CA 91911.

5. Plaintiff is informed and believes and thereon alleges that Defendant SAN DIEGO GULLS HOCKEY CLUB, LLC ("GULLS") is a California limited liability company with its principal place of business located at 2101 East Coast Highway, Corona Del Mar, CA 92625.

6. Plaintiff is informed and believes and thereon alleges that Defendants DOES 1 through 10, inclusive, are other parties not yet identified who have infringed Plaintiff's copyrights, have contributed to the infringement of Plaintiff's copyrights, or have engaged in one or more of the wrongful practices alleged herein. The true names, whether corporate, individual or otherwise, of Defendants 1 through 10, inclusive, are presently unknown to Plaintiff, which therefore sues said Defendants by such fictitious names, and will seek leave to amend this Complaint to show their true names and capacities when same have been ascertained.

7. Plaintiff is informed and believes and thereon alleges that at all times relevant hereto each of the Defendants was the agent, affiliate, officer, director, manager, principal, alter-ego, and/or employee of the remaining Defendants and was at all times acting within the scope of such agency, affiliation, alter-ego relationship and/or employment; and actively participated in or subsequently ratified and/or adopted each of the acts or conduct alleged, with full knowledge of all the facts and circumstances, including, but not limited to, full knowledge of each violation of Plaintiff's rights and the damages to Plaintiff proximately caused thereby.

## COPYRIGHT INFRINGEMENT CLAIMS

8. Plaintiff owns original two-dimensional artwork entitled "San Diego Gulls" ("Subject Design"), which has been registered with the United States Copyright Office.

9. Prior to the acts complained of herein, Plaintiff licensed the Subject Design to the San Diego Gulls professional hockey team in 1995 (a separate and unrelated entity from GULLS). The San Diego Gulls then used the Subject Design as their team's logo, widely disseminating the Subject Design through multiple uses, until the team ceased operating.

10. Plaintiff is informed and believes and thereon alleges that following its distribution of Subject Design, GULLS, DOE Defendants, and each of them distributed a design which is substantially similar to Subject Design (hereinafter "Offending Design") without Plaintiff's authorization through multiple avenues, including, but not limited to the GULLS' Website (http://www.sandiegogulls.com/), and sales of merchandise via GULLS' online store (http://www.gullsgear.com/).

11. An image of Subject Design and an image of Offending Design are set forth hereinbelow:

**Subject Design**



**Offending Design**



12. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, had access to the Subject Design, including, without limitation, by viewing the logo of the San Diego Gulls professional hockey team.

13. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, infringed Plaintiff's copyright by creating, making and/or developing directly infringing and/or derivative works from Subject Design, by utilizing the Offending Design as the GULLS logo, and by producing, distributing and/or selling merchandise bearing the Offending Design.

14. Due to Defendants', and each of their, acts of infringement, Plaintiff has suffered damages in an amount to be established at trial.

15. Due to Defendants', and each of their, acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained profits they would not otherwise have realized but for their infringement of Subject Design. As such, Plaintiff is entitled to disgorgement of Defendants', and each of their, profits attributable to the infringement of Subject Design in an amount to be established at trial.

16. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, have committed copyright infringement with actual or constructive knowledge of Plaintiff's rights such that said acts of copyright infringement were, and continue to be, willful, intentional and malicious.

## PRAYER FOR RELIEF

Wherefore, Plaintiff prays for judgment as follows:

a. That Defendants—each of them—and their respective agents and servants be enjoined from infringing Plaintiff's copyrights in the Subject Design, including without limitation an order requiring Defendants, and each of them, to cease any use of the Offending Design, in whole or in part;

b. That Defendants—each of them—and their respective agents and servants be enjoined from importing, manufacturing, distributing, offering for sale, selling or otherwise trafficking in any product that infringes Plaintiff's copyrights in Subject Design;

c. That Plaintiff be awarded all profits of Defendants, and each of them, plus all losses of Plaintiff, the exact sum to be proven at the time of trial, or, if elected before final judgment, statutory damages as available under the Copyright Act, 17 U.S.C. § 101 et seq.;

d. That Plaintiff be awarded its attorneys' fees as available under the Copyright Act U.S.C. § 101 et seq.;

e. That Plaintiff be awarded pre-judgment interest as allowed by law;

f. That Plaintiff be awarded the costs of this action; and

g. That Plaintiff be awarded such further legal and equitable relief as the Court deems proper.

Plaintiff demands a jury trial on all issues so triable pursuant to Fed. R. Civ. P. 38 and the 7th Amendment to the United States Constitution.

Dated: April 7, 2016                    DONIGER/BURROUGHS

                                        By:   /s/ Stephen M. Doniger
                                              Stephen M. Doniger, Esq.
                                              Howard S. Han, Esq.
                                              Attorneys for Plaintiff