# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT BARROS, | CASE NO. 2:16-cv-02374-DSF-JEM |
| Plaintiff, | |
| v. | PROTECTIVE ORDER NO 1 |
| SAN DIEGO GULLS HOCKEY CLUB, LLC and DOES 1 through 10 | |
| Defendant. | Judge John E. McDermott |

**1. PURPOSE AND LIMITS OF THIS ORDER**

Discovery in this action is likely to involve confidential, proprietary, or private information requiring special protection from public disclosure and from use for any purpose other than this litigation. Thus, the Court enters this Protective Order. This Order does not confer blanket protections on all disclosures or responses to discovery, and the protection it gives from public disclosure and use extends only to the specific material entitled to confidential treatment under the applicable legal principles. This Order does not automatically authorize the filing under seal of material designated under this Order. Instead, the parties must comply with Local Rule 79-5 if they seek to file anything under seal. This Order does not govern the use at trial of material designated under this Order.

**2. SCOPE OF THIS ORDER**

Protected Information shall consist of confidential information contained within any document or thing that the producing party or non-party designates as CONFIDENTIAL or ATTORNEYS' EYES ONLY as defined below.

**2.1** CONFIDENTIAL INFORMATION is information that the producing party or non-party reasonably believes not to be in the public domain and reasonably believes contains any trade secret or other confidential, competitive, strategic, research, development, or commercial information, as such terms are used in Federal Rule of Civil Procedure 26(c)(1)(G), including, but not limited to, personal or business financial records and marketing documents, that, if disclosed, would materially affect the party's or protected person's business, commercial or financial interests.

**2.2** ATTORNEYS' EYES ONLY Information is information that the producing party or non-party believes in good faith constitutes or discloses extremely sensitive Confidential Information the unrestricted disclosure of which to a Requesting Party or a Receiving Party would create a substantial risk of serious injury, including, but not limited to information which is pricing or cost information relating to the producing party or the producing party's commercial products or planned commercial products, trade secret information, and research information that is highly sensitive.

**2.3** The protections conferred by this Protective Order cover not only Protected Information, but also (1) any information copied or extracted from Protected Information; (2) all copies, excerpts, summaries, or compilations of Protected Information; and (3) any testimony, conversations, or presentations by parties or their counsel that might reveal Protected Information.

**2.4** The protections conferred by this Protective Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a receiving party or becomes part of the public domain after its disclosure to a receiving party as a result of publication not involving a violation of this Protective Order, including becoming a part of the public record through trials or otherwise; and (b) any information known to the receiving party prior to the disclosure or obtained by the receiving party after

1 the disclosure from a source who obtained the information lawfully and under
2 no obligation of confidentiality to the designating party.

**3. DESIGNATING PROTECTED MATERIAL**

**3.1. Over-Designation Prohibited**. Any party or non-party who designates information or items for protection under this Order as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" (a "designator") must only designate specific material that qualifies under the appropriate standards. To the extent practicable, only those parts of documents, items, or oral or written communications that require protection shall be designated. Mass, indiscriminate, or routinized designations are prohibited. Designation under this Order is allowed only if the designation is necessary to protect material that, if disclosed to persons not authorized to view it, would cause competitive or other recognized harm. Material may not be designated if it has been made public, or if designation is otherwise unnecessary to protect a secrecy interest. If a designator learns that information or items that it designated for protection do not qualify for protection at all or do not qualify for the level of protection initially asserted, that designator must promptly notify all parties that it is withdrawing the mistaken designation.

**3.2. Manner and Timing of Designations**. Designation under this Order requires the designator to affix the applicable legend ("CONFIDENTIAL" or "ATTORNEYS' EYES ONLY") to each page that contains protected material. For testimony given in deposition or other proceeding, the designator shall specify all protected testimony and the level of protection being asserted. It may make that designation during the deposition or proceeding, or may invoke, on the record or by written notice to all parties on or before the next business day, a right to have up to 21 days from the deposition or proceeding to make its designation.

Transcripts containing Protected Information shall have a legend on the title page noting the presence of Protected Information, and the title page shall be followed by a list of all pages (including line numbers as appropriate) that have been designated, and the level of protection being asserted. The designator shall inform the court reporter of these requirements. Any transcript that is prepared before the expiration of the 21-day period for designation shall be treated during that period as if it had been designated ATTORNEYS' EYES ONLY unless otherwise agreed. After the expiration of the 21-day period, the transcript shall be treated only as actually designated.

**3.3 Inadvertent Failures to Designate.** An inadvertent failure to designate does not, standing alone, waive protection under this Order. Upon timely assertion or correction of a designation, all recipients must make reasonable efforts to ensure that the material is treated according to this Order.

## 4. CHALLENGING CONFIDENTIALITY DESIGNATIONS

All challenges to confidentiality designations shall proceed as follows:
In the event that a receiving party believes, in good faith, that a document or information produced or disclosed which has been designated as Protected Information under the Order is not confidential or should not be designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY", the receiving party shall send the producing party a written request specifically identifying the information or document (by bates-number), sought to be disclosed and the reasons why said information or document should not be so designated and/or subject to this Order. Within ten (10) business days of receipt of such a written request, the parties shall meet and confer.

If the parties are unable to agree within the ten (10) day period upon a satisfactory resolution, the receiving party may seek an order concerning such information or documents which has previously been produced or disclosed

under the Order. The producing party shall in any proceeding or other matter concerning such designation have the burden of proof in justifying the confidential designation pursuant to this Order and applicable law.

## 5. ACCESS TO PROTECTED INFORMATION

**5.1. Basic Principles**. A receiving party may use Protected Information only for this litigation. Protected Information may be disclosed only to the categories of persons and under the conditions described in this Order.

**5.2. Disclosure of CONFIDENTIAL Material Without Further Approval.** Unless otherwise ordered by the Court or permitted in writing by the designator, a receiving party may disclose any material designated CONFIDENTIAL **only to**:

> **5.2.1.** The receiving party's counsel of record in this action and employees of counsel of record to whom disclosure is reasonably necessary;
>
> **5.2.2.** Experts retained by the receiving party's counsel of record to whom disclosure is reasonably necessary, and who have signed the Agreement to Be Bound (Exhibit A);
>
> **5.2.3.** The Court and its personnel;
>
> **5.2.4.** Outside court reporters and their staff;
>
> **5.2.5.** Professional jury or trial consultants, and litigation support vendors who have signed the Agreement to Be Bound (Exhibit A);
>
> **5.2.6.** During their depositions, any court hearing, or trial, witnesses in the action to whom disclosure is reasonably necessary;
>
> **5.2.7.** The author or recipient of a document containing the material, or a custodian or other person who otherwise possessed or knew the information; and
>
> **5.2.8.** Representatives for each Party.

**5.3 Disclosure of ATTORNEYS' EYES ONLY Material Without Further Approval.** Unless otherwise ordered by the Court or permitted in writing by the designator, a receiving party may disclose any material designated ATTORNEYS' EYES ONLY **only to**:

5.3.1 The persons designated in paragraphs 5.2.1, 5.2.2, 5.2.3, 5.2.4, 5.2.5, 5.2.6, and 5.2.7.

## 6. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

**6.1. Subpoenas and Court Orders**. This Order in no way excuses noncompliance with a lawful subpoena or court order. The purpose of the duties described in this section is to alert the interested parties to the existence of this Order and to give the designator an opportunity to protect its confidentiality interests in the court where the subpoena or order issued.

**6.2. Notification Requirement.** If a party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as ATTORNEYS' EYES ONLY, that party must:

**6.2.1.** Promptly notify the designator in writing. Such notification shall include a copy of the subpoena or court order;

**6.2.2.** Promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Order. Such notification shall include a copy of this Order; and

**6.2.3.** Cooperate with all reasonable procedures sought by the designator whose material may be affected.

**6.3. Wait For Resolution of Protective Order**. If the designator timely seeks a protective order, the party served with the subpoena or court order shall not

produce any information designated in this action as CONFIDENTIAL or ATTORNEYS' EYES ONLY before a determination by the court where the subpoena or order issued, unless the party has obtained the designator's permission. The designator shall bear the burden and expense of seeking protection of its confidential material in that court.

### 7. **UNAUTHORIZED DISCLOSURE OF PROTECTED INFORMATION**

If a receiving party learns that, by inadvertence or otherwise, it has disclosed Protected Information to any person or in any circumstance not authorized under this Order, it must immediately (1) notify in writing the designator of the unauthorized disclosures, (2) use its best efforts to retrieve all unauthorized copies of the Protected Information, (3) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (4) use reasonable efforts to have such person or persons execute the Agreement to Be Bound (Exhibit A).

### 8. **INADVERTENT PRODUCTION OF PROTECTED MATERIAL**

If a producing party inadvertently produces CONFIDENTIAL or ATTORNEYS' EYES ONLY material without designating it as such in accordance with this Order, the producing party shall notify all receiving parties of the proper designation of the Protected Information as soon as practical after discovery of the error by the producing party. The producing party shall provide the receiving parties with a replacement of the Protected Information marked in accordance with this Order. Upon receipt of the properly designated document or information: (a) the document or information shall be treated by the receiving parties as if it had been timely designated as Protected Information under this Order; and (b) the receiving parties shall use reasonable efforts to identify any other persons or entities

to whom the information in question was given. It shall then be the burden of the receiving parties to collect in good faith all such Protected Information from persons and entities who would not have been entitled access thereto if the document or information had been so designated at the outset. The receiving parties shall use reasonable efforts to protect from disclosure any unmarked copies of the Protected Information in their possession, by destroying or returning to the producing party any unmarked copies of the Protected Information in their possession. The inadvertent disclosure or inadvertent mis-marking by a producing party of documents or information that the producing party believes to be confidential shall not automatically be deemed a waiver in whole or in part of the producing party's claim of confidentiality, either as to the specific document or information disclosed or as to any other document or information relating thereto or concerning the same or related subject matter. However, any party may claim that the intentional disclosure of Protected Information by the producing party to anyone other than the producing party and its counsel, without the confidential designation, be deemed a waiver of any claimed protection.

**9.      INADVERTENT PRODUCTION OF PRIVILEGED MATERIAL**

When a producing party gives notice that certain inadvertently produced material is subject to a claim of privilege or other protection ("Privileged Material"), the obligations of the receiving parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review pursuant to Federal Rule of Evidence 502(d) and (e).

If a Party inadvertently or mistakenly produces Privileged Material, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppels as to, any claim of privilege or work-product immunity for the

1  inadvertently produced document or any other document covering the same or a
2  similar subject matter under applicable law, including Federal Rule of Evidence
3  502. Pursuant to Fed. R. Evid. 502(d), the inadvertent production of Privileged
4  Material in this proceeding shall not constitute a waiver of any applicable privilege,
5  protection or prohibition from disclosure of that Privileged Material in any other
6  federal or state proceeding.

7  If a Party has inadvertently or mistakenly produced Privileged Material, and
8  if the Party makes a written request for the return of such Privileged Material, the
9  Privileged Material for which a claim of inadvertent production is made (including
10 any analyses, memoranda or notes which were internally generated based upon
11 such inadvertently-produced Privileged Material), as well as all copies, shall return
12 all copies, or a provide a signed verification by Counsel for the Receiving Party
13 certifying that all copies have been destroyed shall be provided to Counsel for the
14 Party, no later than ten (10) business days regardless of whether the Receiving
15 Party disputes the claim of privilege. The Party shall provide sufficient information
16 to the Receiving Party regarding the asserted privilege(s), in the form of a privilege
17 log. If the Receiving Party disputes the assertion of privilege, the Receiving Party
18 may move the Court for an order compelling production of the material, but such
19 motion shall not assert the fact or circumstance of the inadvertent production as a
20 ground for entering such an order. Subject to the Court's direction, resolution of the
21 issue may include the Court's review of the potentially Privileged Material *in*
22 *camera*. Notwithstanding this Order, no Party will be prevented from moving the
23 Court for an order compelling the production of documents for which the privilege
24 has been waived pursuant to, *inter alia*, the crime-fraud exception.

25 If the receiving party believes that any material produced or disclosed to it
26 may be subject to any privilege, immunity, or similar protection, it must stop
27 reading and promptly notify the producing party and may not read or otherwise
28 view the unread portion of such material until the court orders otherwise or the

producing party gives permission. The receiving party must promptly notify the producing party that it has received materials that likely contain privileged information, including the bates numbers of those specific documents, and return all copies to the producing party.

## 10. NO WAIVER OF RIGHT TO APPROPRIATELY WITHHOLD OR REDACT

Notwithstanding the provisions of this Order, Designating Parties may redact from any produced information, whether designated as Protected Information or not, any information containing Privileged Material or any irrelevant trade secrets or other irrelevant highly confidential research, development or commercial information, or any other data protected from disclosure by State or Federal regulations. If, after reviewing information containing a redaction a Receiving Party has a good faith basis for challenging the redaction, the Parties shall initially attempt to resolve the issue through discussions. If those discussions prove unsuccessful, the challenging Party may move for a ruling by the Court on whether the information is entitled to redaction, which may, where legally permitted, necessitate an *in camera* inspection of the document in non-redacted form by the Court. If the Court orders that the redacted portion of the information should remain redacted, then the redacted portion of said Discovery Material may not be used as evidence by any Party at trial or at a hearing and may not be relied upon by any Party's Experts. If the Court orders that the redacted portion of the information is not entitled to redaction, and if the Court orders the Designating Party to produce the information without redaction, then the Designating Party shall produce the information in non-redacted form. Unless expressly ordered otherwise by the Court, a finding that information is not entitled to redaction shall have no effect on the status of the information as Protected Information.

## 11. FILING UNDER SEAL

Without written permission from the designator or a Court order, a party may not file in the public record in this action any Protected Information. A party seeking to file under seal any Protected Information must comply with Local Rule 79-5. Filings may be made under seal only pursuant to a court order authorizing the sealing of the specific material at issue. The fact that a document has been designated under this Order is insufficient to justify filing under seal. Instead, parties must explain the basis for confidentiality of each document sought to be filed under seal. Because a party other than the designator will often be seeking to file Protected Information, cooperation between the parties in preparing, and in reducing the number and extent of, requests for under seal filing is essential. If a receiving party's request to file Protected Information under seal pursuant to Local Rule 79-5 is denied by the Court, then the receiving party may file the material in the public record unless (1) the designator seeks reconsideration within four days of the denial, or (2) as otherwise instructed by the Court.

## 12. THIRD PARTY MATERIALS

Third parties producing materials in the course of this litigation may also designate such Materials as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" subject to the same protections and constraints as the parties to the litigation. A copy of this Protective Order shall be served along with any subpoena served in connection with this litigation. All Materials produced by such third parties shall be treated as "Confidential—Attorneys' Eyes Only" for a period of 5 calendar days from the date of their production to any party in this litigation, regardless of the designation on those Materials by the third party, so that the parties have sufficient time to review the Material to determine whether to assert that the Materials contain Confidential Information of any party.

## 13. **FINAL DISPOSITION**

Within 60 days after the final disposition of this action, each party shall return all Protected Information to the designator or destroy such material, including all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any Protected Information. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgement herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing an motions or applications for extension of time pursuant to applicable law.  The receiving party must submit a written certification to the designator by the 60-day deadline that (1) identifies (by category, where appropriate) all the Protected Information that was returned or destroyed, and (2) affirms that the receiving party has not retained any copies, abstracts, compilations, summaries, or any other format reproducing or capturing any of the Protected Information. This provision shall not prevent counsel from retaining an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Information. Any such archival copies remain subject to this Order.  Alternatively, the parties may choose to agree that the receiving party shall destroy documents containing Protected Information and certify the fact of destruction, and  that the receiving party shall not be required to locate, isolate and return e-mails  (including attachments to e-mails) that may include PROTECTED INFORMATION contained in deposition transcripts or drafts or final expert reports.

# **ORDER**

Having considered the foregoing Proposed Protective Order, and good cause appearing therefor, the exchange of confidential and/or highly confidential information and discovery in the above-captioned action shall be made in accordance with the terms set forth in above.

**IT IS SO ORDERED.**

DATED: August 15, 2016

*John E. McDermott*
HON. JOHN E. McDERMOTT
MAGISTRATE JUDGE

# EXHIBIT A
# AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Protective Order that was issued by the United States District Court for the Central District of California on _____ [date] in the case of Robert Barros v. an Diego Gulls Hockey Club, LLC, Case No 2:16-cv-02374-DSF-JEM. I agree to comply with and to be bound by all the terms of this Protective Order, and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment for contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Protective Order to any person or entity except in strict compliance with this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing this Order, even if such enforcement proceedings occur after termination of this action.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

DM_US 75283749-1.094192.0018